*E-FILED - 6/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DEBOSE,<br><br>　　　　　　　Plaintiff,<br><br>  vs.<br><br>M. BELL, et. al.,<br><br>　　　　　　　Defendants. | No. C 05-2857 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED |

　　　Plaintiff Donald DeBose and fellow inmate Floyd Smith, proceeding pro se, filed a civil rights complaint in Marin Superior Court against San Quentin State Prison ("SQSP") personnel. Defendants[1] removed plaintiffs' civil rights action to this court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). The court initially dismissed plaintiff Smith from this action without prejudice. The court dismissed the complaint with leave to amend as to plaintiff Debose to file an amended complaint

---

[1] Defendants Baker, Bell, Simons, Rygg and Fuller have appeared in this action. Defendants' counsel notes that plaintiff has included R. Brau and Jill Brown as named defendants in his amended complaint, however they have not been served. Defendants' counsel is not making an appearance on behalf of R. Brau or Jill Brown.

including all of the claims he wishes to present containing allegations pertaining to himself only. Plaintiff has filed an amended complaint, which the court, after review, dismisses in part. Defendants are directed to file a dispositive motion or a notice that they are of the opinion that no such motion is necessary on the cognizable claims, as set forth below.

## BACKGROUND

Plaintiff alleges that on April 9, 2004, defendants Bell, Simons and Baker, SQSP prison correctional officers, wrote a "false" document identifying plaintiff as an "informant / snitch" against another inmate, and sent the document to that inmate. Plaintiff and this other inmate were scheduled to be released to the same prison yard two days later. Plaintiff alleges that this amounted to a plan to set up a fight between plaintiff and the other inmate, exposing plaintiff to danger from the inmate and prison guards, including defendant Bell, who worked the "gun rail" position.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials where the officials acted with "deliberate indifference" to the threat of serious

harm or injury to an inmate by another prisoner. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody). When liberally construed, plaintiff's complaint states cognizable claims that defendants Bell, Simons and Baker were deliberately indifferent to his safety needs, in violation of his Eighth Amendment rights.

Plaintiff makes no allegations against the other named defendants, Fuller, Ryggs, Brau, and Brown. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). As plaintiff has failed to make any allegations whatsoever against these defendants, let alone allegations that they proximately caused a violation of his rights, the claims against them are not cognizable. Moreover, to the extent any of these defendants are supervisors, they may not be sued under a respondeat superior theory. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations). Accordingly the claims against defendants Fuller, Ryggs, Brau and Brown will be dismissed for failure to state a cognizable basis for relief.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against defendants **G. Fuller**, **A.J. Ryggs, R. Brau and Jill Brown** are DISMISSED. The claims against Bell, Simon and Baker are, when liberally construed, cognizable.

2. No later than **ninety (90) days** from the date of this order, defendants shall

1 file a motion for summary judgment or other dispositive motion with respect to the claims
2 in the complaint as set forth above.

3     a.    If defendants elect to file a motion to dismiss on the grounds that
4 plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
5 § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to
6 <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v.</u>
7 <u>Terhune</u>, 540 U.S. 810 (2003).

8     b.    Any motion for summary judgment shall be supported by adequate
9 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
10 Civil Procedure. **<u>If any defendant is of the opinion that this case cannot be resolved</u>**
11 **<u>by summary judgment, he shall so inform the court prior to the date the summary</u>**
12 **<u>judgment motion is due.</u>**

13     3.    Plaintiff's opposition to the dispositive motion shall be filed with the court
14 and served on defendants no later than **thirty (30) days** from the date defendants' motion
15 is filed.

16     a.    In the event defendants file an unenumerated motion to dismiss
17 under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

18     The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event defendants file a motion for summary judgment, the

---

[2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    6. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7. Discovery may be taken in accordance with the Federal Rules of Civil

1   Procedure.  No further court order is required before the parties may conduct discovery.

2         For plaintiff's information, the proper manner of promulgating discovery is to send
3   demands for documents or interrogatories (questions asking for specific, factual
4   responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of
5   discovery is limited to matters "relevant to the claim or defense of any party . . ."  See
6   Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(I) the
7   discovery sought is unreasonably cumulative or duplicative, or is obtainable from some
8   other source that is more convenient, less burdensome, or less expensive; (ii) the party
9   seeking discovery has had ample opportunity by discovery in the action to obtain the
10  information sought; or (iii) the burden or expense of the proposed discovery outweighs its
11  likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of
12  Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to
13  wait until defendants have filed a dispositive motion which could include some or all of
14  the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
15  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal.
16  Local Rule 37-1 has been satisfied.  Because plaintiff is incarcerated, he is not required to
17  meet and confer with defendants in person.  Rather, if his discovery requests are denied
18  and he intends to seek a motion to compel he must send a letter to defendants to that
19  effect, offering them one last opportunity to provide him with the sought-after
20  information.

21        8.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
22  court and all parties informed of any change of address and must comply with the court's
23  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
24  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

25        IT IS SO ORDERED.
26  DATED:  5/23/08                              *Ronald M. Whyte*
                                                  RONALD M. WHYTE
27                                                United States District Judge
28