*E-FILED - 11/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DEBOSE,<br><br>                Plaintiff,<br><br>  vs.<br><br>M. BELL, et. al.,<br><br>                Defendants. | No. C 05-2857 RMW (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; ON PENDING MOTIONS<br><br>(Docket Nos. 18, 22, 23, 29) |

Plaintiff Donald DeBose, proceeding pro se, filed a civil rights complaint in Marin Superior Court against San Quentin State Prison ("SQSP") personnel,[1] and defendants removed it to this court based on federal question jurisdiction. See 28 U.S.C. § 1331, 1441(b). The complaint was dismissed with leave to amend, and plaintiff filed an amended complaint on May 9, 2006. Defendants Bell, Simons and Baker filed a motion to dismiss the amended complaint for failure to state a cognizable claim for relief.[2] Although given an opportunity to do so, plaintiff did not file an opposition. For the reasons discussed below, defendants' motion to dismiss is GRANTED. In addition,

---

[1] A second plaintiff, inmate Floyd Smith, was dismissed from this action.

[2] Claims against the remaining defendants were previously dismissed.

1  plaintiff's motions for a preliminary injunction and for default judgment are DENIED,
2  and defendants' motion for a stay of discovery is DENIED.

**BACKGROUND**

Plaintiff alleges that on April 9, 2004, defendant Bell wrote a "false" report identifying plaintiff as an "informant / snitch" against inmate Floyd Smith, and sent the document to Smith. Plaintiff and this other inmate were scheduled to be released to the same prison yard two days later. Plaintiff claims that this amounted to a plan to set up a fight between plaintiff and the other inmate, exposing plaintiff to danger from the inmate and prison guards, including defendant Bell, who worked the "gun rail" position. According to plaintiff, this amounted to "attempted murder" and "conspiracy to commit murder" among Bell and defendants Simon and Baker, who also contributed to the report

Plaintiff attaches to his complaint his administrative appeals and the decisions therefrom, as well as the allegedly "false" report by defendants, which is a so-called "chrono" on CDC Form 128 B. (See Amended Complaint, Exs. A, B). These documents indicate that following Bell's report, plaintiff and Smith were removed from the yard and confined to their separate quarters, where prison officials interviewed them. During such interviews, plaintiff and Smith both denied any tension between them, and they were thereafter allowed to return to the yard.

**DISCUSSION**

A.  Standard of Review

A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). Dismissal for failure to state a claim is a ruling on a question of law. Id. "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.  A pro se pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id..

Review is limited to the contents of the complaint, Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. Symington, 51 F.3d at 1484.

"Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Moreover, when a claim involves an element of improper motive, a heightened pleading standard applies: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. Alfrey v. United States, 276 F.3d 557, 567 (9th Cir. 2002).

B.   Plaintiff's Claims

Plaintiff claims that defendants Bell, Simon and Baker attempted to set up a fight between himself and another inmate, Floyd Smith, by identifying plaintiff as "an informant / snitch."  The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody) The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison

official is, subjectively, deliberately indifferent to inmate safety. <u>Farmer</u>, 511 U.S. at 834.

Defendants argue that plaintiff's allegations do not establish deliberate indifference because no inference can be drawn that defendants knew of a substantial risk of serious harm to plaintiff.[3]  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety.  <u>See</u> <u>Farmer</u>, 511 U.S. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  <u>See</u> <u>id.</u>  However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.  <u>See</u> <u>id.</u> at 842.

Defendants are correct plaintiff does not allege facts from which it can be inferred that defendants knew that their actions caused plaintiff to face a substantial risk of serious harm from Smith.  Plaintiff alleges that Bell wrote a report that plaintiff was an "informant/snitch." (Amended Complaint at 3.)  Plaintiff attaches the report to the amended complaint, however, and it does not in fact state that plaintiff was either an "informant" or a "snitch." (Amended Complaint, Ex. B.)  Rather, it states that Bell saw plaintiff and Smith playing a game of basketball, and during which Smith "physically abuse[d]" plaintiff. (<u>Id.</u>)  The report further states that plaintiff had previously told defendant Baker that he and Smith "were having problems on the yard," and that Simons had seen Smith refuse to shake plaintiff's hand on the yard. (<u>Id.</u>)  As such, the defendants were simply reporting what appeared to be tension between two inmates on the yard.

Plaintiff alleges that the report is "false" insofar as he never told Baker that he and Smith had problems on the yard. (Amended Complaint at 3, Ex. A at 1, Ex. B.)  Even

---

[3]Defendants also argue that the claim should be dismissed because plaintiff and Smith never actually had a fight.  This argument fails, as a prisoner need not wait until he is actually assaulted to state an Eighth Amendment claim for deliberate indifference to his safety.  <u>See</u> <u>Farmer</u>, 511 U.S. at 845

assuming that this allegation is true, and Baker falsely reported to Simons and Bell that plaintiff had told him of problems with Smith, there is no indication that Baker knew that this would endanger plaintiff. Quite to the contrary, defendants' report of tension between Smith and plaintiff resulted in separating the two inmates and confining them to their own quarters, making it more difficult for them to get into a fight. Moreover, there is no allegation from which it can be inferred that Bell or Simons had any reason to know that Baker's statement was false.

In sum, the allegations in the amended complaint and the attachments thereto demonstrate that defendants never labeled plaintiff an "informant" or a "snitch." Further, it cannot be inferred reasonably from plaintiff's allegations, even when liberally construed, that the defendants had any knowledge that reporting tension between plaintiff and Smith would place plaintiff in a substantial risk of serious harm. Accordingly, plaintiff's allegations must be dismissed for failure to state a cognizable claim that defendants violated his Eighth Amendment rights.[4] Further leave to amend the complaint is not warranted as plaintiff's allegations indicate that he is not entitled to relief under § 1983, and plaintiff was previously granted leave to amend his complaint, to no avail.

## CONCLUSION

For the reasons stated above, the court orders as follows:

1. Defendants' motion to dismiss is GRANTED.

2. In light of defendants' appearance herein, plaintiff's motion for default judgment is DENIED. In light of the conclusion that plaintiff has failed to state a cognizable claim for relief, his request for a temporary restraining order or a preliminary injunction is DENIED.[5] In light of the dismissal of this matter, defendants' motion for a

---

[4] In light of this conclusion, the court need not reach defendants' qualified immunity argument.

[5] To the extent plaintiff feels he has been "retaliated" against for filing this lawsuit, that is a separate cause of action that does not entitle him to immediate injunctive relief on his non-cognizable Eighth Amendment claim. If plaintiff wishes to pursue a retaliation claim, he must raise it in a new complaint filed in a new case, after plaintiff has exhausted

1  stay of discovery is DENIED as unnecessary.
2      The clerk shall terminate docket numbers 18, 22, 23, 29 and any other pending
3  motions, enter judgment, and shall close the file.
4      IT IS SO ORDERED.
5  DATED:  11/17/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

his administrative remedies on such a claim.

G:\PRO-SE\SJ.Rmw\CR.05\DeBose857mtd.wpd        6